# CHARLES EDWARD SMITH *v.* STATE OF MARYLAND

[No. 1337, September Term, 1975.]

*Decided November 3, 1976.*

The cause was argued before IRVING A. LEVINE and JOHN C. ELDRIDGE, Associate Judges of the Court of Appeals, and RALPH W. POWERS, Chief Judge of the Seventh Judicial Circuit, all specially assigned.

*Charles A. Haase, Assigned Public Defender,* for appellant.

*Gilbert H. Robinette, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and

*Donaldson C. Cole, Jr., State's Attorney for Cecil County,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

We are presented with the question of whether the trial court erred in denying the defendant's motion to suppress evidence and admitting into evidence at the defendant's trial on charges of storehouse breaking and larceny a power saw seized by the police during a search of the defendant's residence. The saw was not described in the warrant authorizing the search.

A motorcycle shop located in Chester County, Pennsylvania, was broken into sometime during the evening of July 3, 1974, or the early morning of July 4, 1974. Three pairs of motorcycle boots were stolen. Based in part upon information received from an unnamed neighbor of the shop, the Pennsylvania police obtained a warrant to search the residence of the defendant Charles Edward Smith in Oxford, Pennsylvania, and to seize the three pairs of motorcycle boots and a pair of bolt cutters allegedly used to gain entry into the store.

The warrant was executed on July 5, 1974. None of the items described in the warrant was recovered, but several construction tools not described in the warrant were seized. Among these tools was a Black and Decker circular saw with the name "Kirk" written on it. This saw was later identified as belonging to Acme Supermarkets, Inc., and it was stolen from a supermarket under construction in North East, Maryland, sometime between June 14 and June 17, 1974. The identification of the saw was not made, however, until March 19, 1975, by Kirk William Nelson, an employee in the maintenance department of Acme Markets, at the Avondale, Pennsylvania, Police Station.

Subsequently, on August 7, 1975, Smith was indicted in Cecil County, Maryland, on charges arising from the theft at the Acme store in North East. On October 3, 1975, a hearing on a motion to suppress evidence seized in the search of July 5, 1974, was held. The motion was denied. The power saw,

but no other items seized at defendant's residence, was introduced into evidence at his trial. Smith was convicted by a jury of larceny under $100.00 and storehouse breaking under $100.00. From these convictions, Smith appeals.

Smith raises three issues. First, he argues that the search warrant was invalid because it was based on information supplied by an informant without a sufficient showing of the underlying circumstances from which the credibility of the informant or the reliability of the information provided could be determined. Second, he contends that even if the warrant were valid, the seizure of the power saw was beyond the scope of the warrant and was not within any recognized exception to the warrant requirement of the Fourth Amendment to the Constitution of the United States. And finally, he argues that the evidence presented at trial was insufficient to support the convictions.

For the purpose of this appeal, we shall assume arguendo that the search warrant was issued upon probable cause and that therefore the resulting search of Smith's residence was valid. However, the warrant cannot justify the seizure of the power saw and other construction tools. The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing* the place to be searched, and the persons or *things to be seized*." (Emphasis supplied.) This provision of the Fourth Amendment was applied in *Marron v. United States*, 275 U. S. 192, 196, 48 S. Ct. 74, 76, 72 L. Ed. 231 (1927), to prohibit the seizure under a warrant of items not specifically described in the warrant:

> "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant."

*See also Berger v. New York*, 388 U. S. 41, 58, 87 S. Ct. 1873, 1883, 18 L.Ed.2d 1040 (1967); *Stanford v. Texas*, 379 U. S.

476, 485, 85 S. Ct. 506, 512, 13 L.Ed.2d 431 (1965); *Brooks v. State*, 235 Md. 23, 29, 200 A. 2d 177 (1964); *Anglin v. State*, 1 Md. App. 85, 88-90, 227 A. 2d 364 (1967). The power saw and other construction tools seized, not being particularly described in the warrant, could not be seized under the authority of that warrant. Hence the seizure must be treated as a warrantless one.

The State, however, relies on the "plain view" doctrine set forth in *Coolidge v. New Hampshire*, 403 U. S. 443, 91 S. Ct. 2022, 29 L.Ed.2d 564 (1971), to justify the warrantless seizure of the power saw and other construction tools. Under the plain view doctrine, a warrantless seizure of incriminating evidence may be permitted when the police are lawfully searching a specified area. For the warrantless seizure to be constitutionally valid under the plain view doctrine, however, it must be established that the police had prior justification for an intrusion into the area searched, that the police inadvertently came across the item seized, and that it was "immediately apparent" to the police that the item seized was evidence. This exception to the warrant requirement was explained in *Coolidge* as follows (403 U. S. at 466, 91 S. Ct. at 2038):

> "What the 'plain view' cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused. The doctrine serves to supplement the prior justification — whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected with a search directed against the accused — and permits the warrantless seizure. Of course, *the extension of the original justification is legitimate only where it is immediately apparent to the police that they have evidence before them; the 'plain view' doctrine may not be used to extend a general exploratory search from one object to another until something*

*incriminating   at   last   emerges."* (Emphasis supplied.)

*See also Stanley v. Georgia,* 394 U. S. 557, 569-572, 89 S. Ct. 1243, 1250-1252, 22 L.Ed.2d 542 (1969) (Stewart, J., concurring); *Brown v. State,* 15 Md. App. 584, 292 A. 2d 762 (1972).

Because we are assuming arguendo that the search warrant in this case was issued upon probable cause, the intrusion into Smith's residence was justified. Nor do we question the fact that the police came across the power saw inadvertently. The problem in this case is that there has been no showing by the State that the police had any reason to believe that the power saw and other construction tools were stolen at the time they were seized.

Warrantless searches and seizures are per se unreasonable under the Fourth Amendment, subject only to certain exceptions such as the plain view doctrine. The burden is on the State to establish that the warrantless search and seizure is within one of these exceptions. *Coolidge v. New Hampshire, supra,* 403 U. S. at 454-455, 91 S. Ct. at 2032; *Vale v. Louisiana,* 399 U. S. 30, 34, 90 S. Ct. 1969, 1972, 26 L.Ed.2d 409 (1970); *Chimel v. California,* 395 U. S. 752, 762, 89 S. Ct. 2034, 2039, 23 L.Ed.2d 685 (1969); *United States v. Jeffers,* 342 U. S. 48, 51, 72 S. Ct. 93, 95, 96 L. Ed. 59 (1951); *see Bouldin v. State,* 276 Md. 511, 519, 350 A. 2d 130 (1976); *Howell v. State,* 271 Md. 378, 385-386, 318 A. 2d 189 (1974). The State presented no evidence at the hearing on the motion to suppress that the police had any knowledge that the power saw and other construction tools constituted criminal evidence, or even that the police were aware of the theft at the North East supermarket. The only explanation offered at the hearing on the motion to suppress for the seizure of the power saw, and two other construction tools which were the subject of that hearing, was a bare assertion by the State's Attorney that the police had believed that these tools were involved in an unrelated Pennsylvania burglary. However, none of the officers participating in the search of Smith's residence testified at the hearing, and no other evidence was presented. Nor can it be said that the

quantity of construction tools found at Smith's residence provided probable cause to believe the tools were stolen, in light of the fact that Smith himself was in the home repair business and owned many tools. *Compare Brooks v. State, supra; Anglin v. State, supra.*

We believe that the State failed to meet its burden of justifying the warrantless seizure in this case. As the Court of Appeals said in *Bouldin v. State, supra,* 276 Md. at 519, quoting from *Howell v. State, supra,* 271 Md. at 386:

> "... the court cannot fill gaps in the record with conjecture, nor substitute surmise for positive proof, and ... 'care should be taken by the State in presenting its case to insure that there will be sufficient evidence, if any exists, placed in the record to justify the execution of a warrantless ... [seizure].' "

Because the record in this case fails to disclose any evidence justifying the warrantless seizure of the construction tools at Smith's residence, we hold that the court erred in denying the motion to suppress the power saw and other construction tools seized on July 5, 1974, and in permitting the power saw to be admitted into evidence at Smith's trial.

In view of this holding, we need not consider Smith's contention regarding the sufficiency of the evidence.

*Judgments reversed.*

*Case remanded to the Circuit Court for Cecil County for a new trial.*

*Costs to be paid by Cecil County.*